LAW OFFICES
# BRENNER, EVANS & MILLMAN, P.C.

THEODORE I. BRENNER
RONALD S. EVANS
JAY O. MILLMAN
ALEXANDER S. de WITT
JOEL W. MORGAN
SUZANNE M. LIM

411 EAST FRANKLIN STREET
SUITE 200
P. O. BOX 470

RICHMOND, VIRGINIA  23218-0470

TELEPHONE
804-644-1300

FACSIMILE
804-644-1354

March 17, 2015

*By Federal Express*

Hon. Tina E. Sinnen, Clerk
Virginia Beach Circuit Court
2425 Nimmo Parkway
Building 10, 3rd Floor
Virginia Beach, VA 23456-9017

      RE:    Amelia L. DaCruz v. State Farm Fire and Casualty Company
              Case No. CL15-478

Dear Ms. Sinnen:

    On behalf of the defendant, State Farm Fire and Casualty Company, enclosed for filing please find an Answer to the Complaint in the above-referenced matter.

    I have enclosed an extra copy of the Answer, and would appreciate it very much if you would file-stamp the copy and return it to my office in the enclosed self-addressed, postage prepaid envelope.

    Thank you for your assistance.

Very truly yours,

Alexander S. de Witt

Enclosure

cc:  Amelia L. DaCruz

EXHIBIT 2

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

AMELIA L. DaCRUZ )
        Plaintiff, )
)
v. ) Case No. CL15-478
)
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
        Defendant. )

## ANSWER

Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), by counsel, as its Answer to the Complaint, states as follows:

1. In response to the allegations in paragraph 1 of the Complaint, State Farm admits that on or about February 19, 2013, the plaintiff reported that there had been a smoke loss at her Virginia Beach residence. Plaintiff made a claim under a State Farm Homeowners Policy which insured the residence, and State Farm made payments on the claim in accordance with the terms and conditions of the Policy. The remaining allegations in paragraph 1 are denied.

2. Upon information and belief, the allegations in paragraph 2 of the Complaint are admitted.

3. In response to the allegations in paragraph 3 of the Complaint, State Farm admits that its corporate name is State Farm Fire and Casualty Company, and further admits that State Farm's registered agent in Virginia is Peggy Echols, 1500 State Farm Boulevard, Charlottesville, Virginia 22909. Further responding, State Farm Fire and Casualty Company is an Illinois corporation with its corporate

headquarters and principal place of business located in Bloomington, Illinois.

4. The allegations in paragraph 4 of the Complaint are denied.

5. In response to the allegations in paragraph 5 of the Complaint, State Farm admits that at the time of the alleged loss, the plaintiff was insured under a Homeowners Policy of insurance issued by State Farm Fire and Casualty Company, which insured the residential dwelling located at 1157 Paramore Drive, Virginia Beach, Virginia 23454. Further responding, the terms and conditions of the Homeowners Policy are self-explanatory, and any inconsistent allegations in paragraph 5 of the Complaint are denied. Further responding, State Farm asserts that it has made payment for all covered items of loss claimed by the plaintiff, in accordance with the terms and conditions of the Homeowners Policy. The remaining allegations in paragraph 5 of the Complaint are denied.

6. The allegations in paragraph 6 of the Complaint are denied.

7. Any and all allegations of the Complaint that have not been specifically admitted above are denied.

8. State Farm denies that it is liable to the Plaintiff for any alleged damages, or for any sum of money.

9. State Farm denies that the Plaintiff has been damaged in the manner or to the extent alleged; denies that the plaintiff's alleged damages are covered under the terms and conditions of the subject Homeowners Policy; and denies that the Plaintiff is entitled to the relief requested in the Complaint.

10. The Complaint fails to state a claim against State Farm, and fails to allege sufficient facts upon which the relief demanded can be granted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Section I of the State Farm Homeowners Policy insures only for accidental direct physical loss to the property described in the Policy. The claims alleged herein may be barred or avoided, in part or in whole, to the extent that any of the losses and/or damages claimed herein do not qualify as an accidental direct physical loss to the property described in the Policy, as required by the insuring agreement of the Homeowners Policy.

### Second Affirmative Defense

With respect to the alleged personal property loss, Section I of the State Farm Homeowners Policy insures only for accidental direct physical loss to the property described in Coverage B of the Policy caused by *inter alia* smoke, meaning sudden and accidental damage from smoke. The claims alleged herein may be barred or avoided, in part or in whole, to the extent that any of the personal property losses and/or damages claimed herein did not result from sudden and accidental damage from smoke.

### Third Affirmative Defense

The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that plaintiff neglected to use all reasonable means to save and preserve the subject property at and after the time of the alleged loss, or when the property was endangered, in accordance with the following provision in Section I of the State Farm Homeowners Policy:

> We do not insure under any coverage for any loss (including collapse of an insured building or part of a building) which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \*

d. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

### Fourth Affirmative Defense

The claims alleged in the Complaint may be barred or avoided, in part or in whole, by operation of the following provisions in Section I of the State Farm Homeowners Policy:

> We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through l. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \*

> f.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> g.  corrosion, electrolysis or rust;
>
> h.  mold, fungus or wet or dry rot;
>
> i.  contamination;

\* \* \* \*

> However, we do insure for any resulting loss from items a. through l. unless the resulting loss it itself a Loss Not Insured by this Section.

### Fifth Affirmative Defense

The claims alleged in the Complaint may be barred or avoided, in part or in whole, by operation of the following provisions in Section I of the State Farm Homeowners Policy:

> We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
>
> a.  conduct, act, failure to act, or decision of any person, group, organization

4

  or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault or unsoundness in:

 (1) planning, zoning, development, surveying, siting;

 (2) design, specifications, workmanship, construction, grading, compaction;

 (3) materials used in construction or repair; or

 (4) maintenance;

 of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

### Sixth Affirmative Defense

The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that the plaintiff failed to comply one or more of the following policy provisions:

**Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed: ...

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

 (1) exhibit the damaged property;

 (2) provide us with records and documents we request and permit us to make copies; ...

5

The Policy further provides that "[n]o action shall be brought unless there has been compliance with the policy provisions."

### Seventh Affirmative Defense

The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that the plaintiff has failed to comply with the applicable policy conditions and/or mitigate her alleged damages.

### Eighth Affirmative Defense

The Section I Conditions of the State Farm Homeowners Policy provide in part:

> **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within two years after the date of loss or damage.

The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that this action was not initiated within the above-referenced contractual imitation period and/or the applicable statute of limitations.

### Ninth Affirmative Defense

Before this action was initiated, State Farm made payments under the subject Homeowners Policy for Coverages A (dwelling), B (contents / personal property) and C (additional living expenses / loss of use) in the approximate amount of $109,833.30, in connection with the subject loss and Plaintiff's claim under the Policy. State Farm therefore affirmatively pleads payment, credit and/or set-off with respect to all such prior payments.

State Farm will rely upon all properly provable defenses to this action, and reserves the right to amend this Answer if at any time it is so advised.

WHEREFORE, State Farm Fire and Casualty Company prays that this Honorable Court enter an Order dismissing this action with prejudice; for an award of costs incurred defending this action; and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By _____
Alexander S. de Witt, VSB 42708
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, VA 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: adewitt@beylaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2015, a true copy of the foregoing ANSWER was served by first-class U.S. mail, postage prepaid, to Amelia L. DaCruz, 1157 Paramore Drive, Virginia Beach, VA 23454.

_____
Alexander S. de Witt, VSB 42708

7